## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| GREGORY HALPERN, | Case No. 3:25-cv-50353 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| UNITED STATES, et al. | |
| Defendants. | |

## OPINION AND ORDER

### I.    Procedural Background

Plaintiff Gregory Halpern has brought 13 counts against five named defendants: Judge James Boasberg of the U.S. District Court for the District of Columbia, Judge Karen Henderson of the D.C. Circuit Court of Appeals, Judge Patricia Millett of the D.C. Circuit Court of Appeals, Jeffrey Goldberg, Editor-in-Chief of *The Atlantic*, and the American Civil Liberties Union (ACLU). Complaint at 9-10.[1] In his complaint, Halpern brings counts—some legitimate causes of action and others not—entitled: (i) violation of civil rights, (ii) violation of judicial oath; (iii) practicing law from the bench; (iv) failure to recuse; (v) declaratory relief; (vi) enabling lawfare in violation of Rule 11 and Rule 3.1; (vii) judicial collusion to undermine executive authority; (viii) fiscal abuse and violation of taxpayer rights;

---

[1] The complaint, which assuredly does not comply with Fed. R. Civ. P. 8 requirements of "short and plain," begins on page 51 of dkt. 2, ex. A.

(ix) complicity in breach of national security protocols; (x) RICO; (xi) cyberstalking, online endangerment, and life-endangering injury under *United States v. Yung*; (xii) intentional infliction of emotional distress; and (xiii) denial of access to courts and obstruction of justice. *Id*. at 13-24.

Halpern initially filed his complaint in the Circuit Court of McHenry County, Illinois. *Id*. at 1. The action was removed by motion of intervening party, the United States. Dkt. 2; 28 U.S.C. § 1442. The United States substituted as defendant for each of the three named federal judges. Dkt. 20; 28 U.S.C. § 2679(d)(2). All defendants have since filed motions to dismiss.[2] Dkts. 18, 24, 31. Because Halpern has failed to plausibly allege standing to pursue any of his claims against any of these defendants, the motions are granted.

## II.    Legal Standard

Federal courts are limited to deciding only actual "Cases" or "Controversies." U.S. Const. art. III § 2. Article III standing is an essential element to federal subject-matter jurisdiction that courts are duty-bound to address at the outset of a case. *Bazile v. Finance Sys. Of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also In re Deere & Co.*, 703 F. Supp. 862, 873 (N.D. Ill. 2023). At the pleading stage, the plaintiff need not prove it has standing, but it must allege facts sufficient to plausibly allege

---

[2] General Order 25-0024, staying civil proceedings involving the United States during the government shutdown, threw a monkey wrench into this matter's briefing schedule. *See* dkt. 43. Although a reply brief was not received from the United States or the ACLU before the issuance of this Order, neither were necessary to reach the issue of Article III standing. Indeed, the Court could have addressed the issue *sua sponte*. *Johnson v. Allsteel, Inc.*, 259 F.3d 885, 887 (7th Cir. 2001).

standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896-97 (7th Cir. 2018).

Three requirements are necessary for Article III standing: first, the plaintiff must have an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of: the injury must be fairly *traceable* to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and third, it must be likely—as opposed to merely speculative— that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n. 1. It is concrete if it is "real," not abstract. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal citations omitted). With limited exceptions, status as a federal taxpayer is insufficient to demonstrate injury. *Commonw. of Mass. v. Mellon*, 262 U.S. 447, 486-87 (1923); *Flast v. Cohen*, 392 U.S. 83, 92-94 (1968); *Hein v. Freedom from Relig. Found., Inc.*, 551 U.S. 587, 593 (2007).

### III.    Analysis

Halpern has failed to plausibly allege either a concrete or particularized injury sufficient to bring a suit under Article III. Rather, Halpern simply exercises an advanced form of handwaving in his complaint. He alleges that "[t]hrough a pattern of ideologically motivated judicial interference, misuse of judicial authority, and selective enforcement of legal standards, Defendants deprived Plaintiff—and by

extension, the Executive Branch and the American public—of equal protection under the law." Complaint [2] at 13. The stretch required to get from *anything* Defendants have allegedly done to *any* harm Halpern has plausibly suffered exceeds even the capabilities of the famed Stretch Armstrong.[3]

Halpern's only discernable attempt to address the standing issue is in reference to his status as a "lifelong citizen and taxpayer of the United States." No attempt is made to avoid the general prohibition on taxpayer standing or to identify an applicable exception. *See Mellon*, 262 U.S. at 486. Indeed, Halpern admits that his complaint is shared by millions of Americans. Complaint [2] at 6. This is neither a concrete nor a particularized harm.

## IV. Conclusion

For the above reasons, Defendant Goldberg's motion to dismiss [18], Defendant United States' motion to dismiss [24], and Defendant ACLU's motion to dismiss [31] are granted. To the extent Halpern has filed an additional motion to remand [35], the Court denies it for the reasons previously provided. Dkt. 30. The civil case is terminated.

Entered: November 13, 2025

By: _____

Iain D. Johnston
U.S. District Judge

---

[3] *See* Matthew Abraham, *Why Stretch Armstrong Was the Most Indestructible Toy of the '80s*, America Rewind, https://americarewind.com/why-stretch-armstrong-was-the-most-indestructible-toy-of-the-80s/ (last visited Nov. 13, 2025).

4